HAIRE v. HUGHES et al.

(Supreme Court, Appellate Division, First Department. July 8, 1908.)

1. ATTORNEY AND CLIENT—CONTRACT FOR SERVICES—PERFORMANCE.
    Defendant's father having died in 1901, leaving a will executed in 1895, which had been admitted to probate, by which defendant was given an income for life, a subsequent will was discovered, executed a few weeks before the father's death, by which defendant was given absolutely a large share of the estate. Defendant contracted with plaintiff and another to set aside the probate of the 1895 will and to procure the probate of the subsequent one; they agreeing to perform such legal services as might be necessary to entitle defendant "to receive the legacy and devise bequeathed to him in the writing of 1901," and defendant contracted to transfer to plaintiff and his associate, each, a part or share of his legacy or devise in the estate of decedent to the extent of $10,000. Proceedings were instituted to probate the will of 1901, but were not persisted in; a settlement being effected, to which plaintiff and his associate consented, under which a decree was entered denying probate of the 1901 will. *Held*, that defendant did not undertake to assign $10,000 out of his interest in his father's estate, but that amount "out of the legacy devised to him in the 1901 will," and, this never having been recovered, plaintiff could not recover under the contract; his entire claim being an action for services based on the quantum meruit.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 5, Attorney and Client, § 355.]

2. SAME—COMPROMISE AND SETTLEMENT.
    It was immaterial that defendant contracted not to settle the controversy without the attorneys' consent; they having expressly agreed to the settlement made.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 5, Attorney and Client, § 355.]

Action by Robert J. Haire against Joseph J. Hughes and others. Judgment for plaintiff. From an order denying the motion of defendant Hughes for a new trial, he appeals. Reversed and dismissed.

Argued before INGRAHAM, McLAUGHLIN, HOUGHTON, CLARKE, and SCOTT, JJ.

Charles Lex Brooke, for appellant.
Harry Echhard, for respondent.

SCOTT, J. The plaintiff is a lawyer. Defendant Joseph J. Hughes, who appeals, is the son of Henry Hughes, who died in 1901, leaving

a will, dated August 12, 1895, which had been admitted to probate before the happening of the events that have led up to this action. Subsequently another paper was found, purporting to be a will of said Henry Hughes, bearing date February 15, 1901, a few weeks before the death of said Henry Hughes. By the will of 1895 the appellant was given the income of one-eighth of the estate for life, amounting, as estimated by plaintiff, to about $2,000 per annum. By the alleged will of 1901 the appellant was given absolutely a large share of the estate, also estimated by plaintiff as of the value of $200,000. On March 31, 1904, appellant entered into an agreement with plaintiff and one Norman W. Kerngood, also a lawyer, which recited the death of Henry Hughes, the probate of his will, the filing for probate of the alleged will of 1901, the desire of appellant to set aside the probate of the will of 1895 and to procure the probate of the will of 1901, and that said appellant desired to retain the legal services of plaintiff and Kerngood to prosecute such actions and proceedings as they may deem necessary to effectuate appellant's wishes. Thereupon plaintiff and Kerngood agreed that they would prosecute such actions and proceedings as in their judgment might be necessary—

"to vacate and set aside the probate of said will bearing date August 12, 1895, and to have said paper bearing date February 15, 1901, admitted to probate as the last will and testament of said deceased, and to perform such other legal services that may be necessary to entitle said first party [appellant] to receive the legacy and devise bequeathed to him under said paper writing of February 15, 1901."

The appellant on his part assigned, transferred, and set over to plaintiff and said Kerngood, each, a part or share of his legacy or devise in the estate of said decedent to the extent of $10,000, "which said assignment it is agreed shall be taken and accepted by plaintiff and said Kerngood in lieu of all compensation for services rendered under the agreement. It was further agreed that the assignment should not be affected, altered, or otherwise changed by reason of any compromise, settlement, or adjudication made by said appellant with reference to his interests in the estate of said deceased, "unless on the written consent of each of the parties of the first part." Proceedings were instituted looking to the probate of the alleged will of 1901, but were not persisted in for reasons satisfactory to all the parties, and on April 26, 1906, all the parties interested in the estate of Henry Hughes, deceased, entered into an agreement that a decree should be entered denying probate to the will of 1901, but that said alleged will should be taken as, and assumed to be, an effectual revocation of the will of 1895. It was further agreed that the real estate and personalty should forthwith be sold, and the proceeds distributed in a manner specified in said agreement, and that all matters in dispute involving the probate of the alleged will of 1901, as well as involving the administration of the estate by the executors, be settled and compromised. Under this agreement it was provided that appellant should receive one-fifth of the proceeds of the estate, after certain specified payments were made, and also that there should be

paid to him the sum of $30,000 to cover, among other things, all claims for counsel fees on the part of any and all attorneys for said appellant. This last sum is still held by the executors. The appellant thus became entitled to approximately $90,000 as his distributive share in the estate under the aforesaid agreement. Appended to this compromise agreement is the following consent, signed by plaintiff:

"We, the undersigned, attorneys and counsel for the various respective parties to the above agreement, do hereby approve and consent to the terms and provisions of the respective parties hereto."

The plaintiff sues for the sum of $10,000, alleging that by the contract between himself and appellant, above referred to, the said appellant did—

"sell, assign, transfer, and set over unto the plaintiff herein all the right, title, and interest which he then had or should have in the estate of Henry Hughes, deceased, to the amount of $10,000."

The trial court rightly held that under this complaint the plaintiff could recover only the sum sued for, or nothing, and that no question of the value of the services rendered was involved. The first suggestion which presents itself upon reading the record is that the complaint does not actually set forth the substance of the agreement. What appellant undertook to assign was, not $10,000 out of his right, title, and interest in the estate of Henry Hughes, deceased, but $10,000 out of the legacy or devise to him purporting to be given by the alleged will of 1901; and, since that will was never admitted to probate, there never was any such legacy or devise to which the assignment could apply. Apart from this consideration, it is perfectly clear that the plaintiff never became entitled to anything under the assignment, whatever claim he may have for his services based upon a quantum meruit.

Reading the whole agreement between the plaintiff and appellant, it is apparent that the assignment of the $10,000 was made in consideration of, and was dependent upon, the accomplishment by plaintiff of certain definite specified things, to wit, the vacation of the probate of the will of 1895, the admission to probate of the alleged will of 1901, and the receipt by the appellant of the legacy contained in that will; and it was out of the fruits of the accomplishment of these things that the sum of $10,000 was assigned. If these things were not accomplished, and, consequently, there were no fruits thereof, there was nothing to which the assignment could attach, and the plaintiff could take nothing under it. This is precisely what occurred. None of the things which plaintiff undertook to do were accomplished, the legacy to which the assignment referred to was never established, because the will of 1901 was never proven, and the subject-matter of the assignment was never realized.

The plaintiff can base no claim upon the clause in his contract forbidding a compromise or settlement without his written consent, because he did consent in writing to the compromise and settlement that was arrived at. As the plaintiff has elected to frame his complaint, it is apparent, upon the undisputed facts, that he cannot re-

cover. It would be useless, therefore, to send the case back for a new trial.

The judgment appealed from must therefore be reversed, and the complaint dismissed, with costs to the appellant in this court and the court below. All concur.

---

### In re MT. VERNON AVE. IN CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. July 8, 1908.)

1. EMINENT DOMAIN—ACTS CONSTITUTING APPROPRIATION OF PROPERTY.

 [Ed. Note.—For cases in point, see Cent. Dig. vol. 18, Eminent Domain, §§ 161–164.]

2. SAME—RIGHT TO DISCONTINUE PROCEEDINGS.

 Under Revised Greater New York Charter, Laws 1901, p. 426, c. 466, § 1000, providing that the board of estimate and apportionment shall have power to discontinue proceedings for opening streets or parts thereof, a proceeding to open a street may be discontinued as to a part of such street and the land proposed to be taken therefor.

 [Ed. Note.—For cases in point, see Cent. Dig. vol. 18, Eminent Domain, § 527.]

Appeal from Special Term.